UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62424-Civ-SCOLA

CHRISTINA ULBRICH,

    Plaintiff,
vs.

GMAC MORTGAGE, LLC, *et al.*,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant Balboa Insurance Service, Inc.'s Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 25.) For reasons explained in this Order, the Defendant's Motion to Dismiss is Denied.

Plaintiff, Christina Ulbrich brought this Complaint, as an individual and as a representative of a class, against Defendants GMAC Mortgage LLC and Balboa. This matter has been stayed as to GMAC pending the resolution of its bankruptcy action. (Order, ECF No. 56.) Plaintiff asserts a claim of unjust enrichment against Defendant Balboa. (Compl. ¶ 7, ECF No. 1.) The parties agree that the mortgage at issue is serviced by GMAC and requires borrowers to maintain insurance on their property. (Compl. ¶¶ 19, 20, ECF No. 1, Def.'s Mot. Dismiss, ECF No. 25.) Further, if a borrower fails to maintain insurance, GMAC may forcibly place insurance on their property. (*Id.*) The premiums for these forced-placed insurance policies are charged to the borrower's mortgage escrow account. (Compl. ¶ 34, ECF No. 1.)

The forced-placed insurance policies at issue were purchased through Balboa. (Compl. ¶¶ 29, 32, ECF No. 1.) The policies were backdated, meaning they were applied retroactively to cover periods of time which had already passed. (Compl. ¶¶ 29, 32, ECF No. 1.) The premiums associated with these policies were charged to Plaintiff's mortgage escrow account.[1] (*Id.*) Plaintiff alleges that GMAC received kickbacks and commissions in connection with Balboa's placement of these policies. (Compl. ¶¶ 30, 33, ECF No. 1.) Further, Plaintiff alleges that Balboa "performed insurance tracking services for GMAC, and communicated with GMAC

---

[1] Plaintiff alleges that although GMAC has cancelled the first policy it has yet to refund any portion of the second backdated policy.

borrowers on behalf of GMAC when their existing coverage was deemed to be deficient" by GMAC and Balboa.[2] (Compl. ¶ 57, ECF No. 1.)

Plaintiff alleges that Balboa's retention of the "handsome premium payments [obtained] through improper means" would be unjust and inequitable. (Compl. ¶ 115, ECF No. 1.) Accordingly, Plaintiff asserts that Balboa would be unjustly enriched if allowed to retain the payments. (Compl. ¶ 111, ECF No. 1.) Defendant Balboa filed a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6). To survive a motion to dismiss, a plaintiff must articulate enough facts, which the court accepts as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). Although this does not require detailed factual allegations, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a motion to dismiss, the court must construe the facts in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Accordingly, Balboa's denials of Plaintiff's allegations (Def.'s Mot. Dismiss 5, ECF. No. 25) will not be considered by the Court. The proper vehicle for the denial of allegations is in an answer, not a motion to dismiss. *See* Fed. R. Civ. P. 8(b)(1). In this case, Plaintiff has successfully stated a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To state a claim for unjust enrichment, Plaintiff must show: (1) Plaintiff conferred a direct benefit to Balboa, (2) Balboa had knowledge of the benefit, (3) Balboa accepted and retained the benefit, and (4) the circumstances were such that it would be inequitable for Balboa to retain the benefit without paying for it. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009).

First, Balboa alleges that Plaintiff's claim fails because Plaintiff has not paid any portion of the premiums charged to her escrow account, and thus, Plaintiff did not confer any benefit to Balboa. (Def.'s Mot. Dismiss 7, ECF No. 25.) In contrast, Plaintiff contends that the charges to her escrow account, which reflect premium payments due, are enough to show a benefit was conferred. (Pl.'s Reply 5, ECF No. 37.) The court agrees with Plaintiff. Further, if Plaintiff has "alleged that [she] conferred a benefit, whether a benefit was actually conferred is a factual

---

[2] Plaintiff summarizes a statement by a former Balboa employee describing that when a customer calls GMAC the customer is actually speaking to a Balboa employee. (Compl. ¶ 57, ECF No. 1.) Further, GMAC's mailing addresses are actually three Balboa post office boxes. (*Id.*)

question that cannot be resolved on a motion to dismiss." *Abels v. JP Morgan Chase Bank, N.A.*, 678 F. Supp. 2d 1273, 1279 (S.D. Fla. 2009). Therefore, it is enough that Plaintiff has alleged that she conferred a benefit to Balboa.[3] *See id.*

Second, Balboa alleges that even if a benefit was conferred, it was not a direct benefit. (Def.'s Mot. Dismiss 7, ECF No. 25.) Although Balboa incorrectly asserts that Plaintiff failed to meet the Rule 9(b) heightened pleading standard, it correctly asserts that Plaintiff must allege that she conferred a direct benefit. *Century Sr. Servs. v. Consumer Health Ben. Ass'n*, 770 F. Supp. 2d 1261, 1267 (S.D. Fla. 2011). However, direct contact between Balboa and Plaintiff is not required to find that Balboa directly benefited. *See Romano v. Motorola, Inc.*, No. 07-60517, 2007 WL 4199781, at *2 (S.D. Fla. Nov. 26, 2007) ("Defendant erroneously equates direct *contact* with direct *benefit*."). Plaintiff alleged that she had direct contact with GMAC (Compl. ¶ 19, ECF No.1), and that Balboa gave GMAC kickbacks. (Compl. ¶¶ 30, 33, 114, ECF No.1.)

Further, Plaintiff alleged that Balboa charged Plaintiff inflated premiums for the forced-placed coverage and "skim[ed] the excess for themselves." (Compl. ¶ 59, ECF No. 1.) Therefore, drawing all inferences in favor of Plaintiff, the allegations are sufficient to show that Plaintiff, by paying the allegedly excessive premiums, conferred a direct benefit on Balboa. *See Williams v. Wells Fargo Bank, N.A.*, No. 11-21233, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) (stating that "to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant" would be unjust); *cf. W. Coast Life Ins. Co. v. Life Brokerage Partners LLC*, No. 08-80897, 2009 WL 2957749, at *11 (S.D. Fla. Sept. 9, 2009) (finding no benefit was conferred where plaintiff alleged only that defendant "received compensation for its role in the transactions.").

Balboa also contends that even if Plaintiff conferred a direct benefit, Plaintiff's claim fails because Plaintiff could have avoided the inflated premiums "by heeding the multiple notifications she received." (Def.'s Mot. Dismiss 9, ECF No. 25.) The Court does not agree. Plaintiff does not allege that the forced placement of insurance alone amounts to unjust enrichment. *See Williams¸* 2011 WL 4901346, at *6; *Cf. Lass v. Bank of Am., N.A.*, No. 11-

---

[3] Balboa attempts to distinguish *Abels* from the instant case, stating that unlike in *Abels* "Plaintiff has not alleged that [Balboa] is accruing any interest on her unpaid insurance premiums nor that [Balboa] has any recourse against Plaintiff if she never pays." (Def.'s Reply 4, ECF No. 40.) This distinction is inapposite. The accrual of interest merely increases the benefit conferred and the availability of recourse does not affect Balboa's alleged benefit.

10570, 2011 WL 3567280, at *7 (D. Mass. Aug. 11, 2011) (finding that the defendant's retention of a fee received for force placing insurance "was not inequitable due to the undisputed fact that plaintiff received multiple notices that if she did not purchase the required insurance, it would be purchased for her and a fee might be assessed for that purchase.").

Instead, Plaintiff argues that Balboa's manipulation of this process supports an unjust enrichment claim. (Compl. ¶ 59, ECF No. 1.). In *Williams*, this Court explained "the fact that Plaintiffs, had they maintained insurance coverage on their properties, could have avoided being subject to this manipulation does not render the claim insufficient, nor would such an argument serve the principles of equity and justice that the unjust-enrichment claim is intended to promote." 2011 WL 4901346, at *6. Thus, Plaintiff's allegations that Balboa charged "inflated premiums" and "secured handsome premium payments through improper means by offering GMAC kickbacks" are sufficient to state a claim for unjust enrichment. (Compl. ¶¶ 59, 114, ECF No. 1.)

Lastly, Balboa alleges that Plaintiff's claim fails because Plaintiff received adequate consideration, and thus, there can be no claim for unjust enrichment. *Baptista v. JP Morgan Chase Bank, N.A.*, 640 F.3d 1194, 1198 n.3 (11th Cir. 2011). Balboa claims that the second insurance policy is not worthless because it was only backdated six months. (Def.'s Reply 5, ECF No. 40.) Therefore, Balboa argues that because the policy was "substantially prospective" it was not worthless and thus, Balboa is entitled to some compensation. (*Id.*) However, whether the consideration received by Plaintiff was, in fact, adequate should not be resolved at the pretrial phase. *Williams*, 2011 WL 4901346, at *5.

Having considered the parties' arguments, the complaint, and the relevant legal authorities, the Court finds that Plaintiff has adequately stated claim upon which relief may be granted. It is **ORDERED** that the Motion to Dismiss (ECF No. 25) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, on August 15, 2012.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
*Counsel of record*