UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-CIV-62424-SCOLA/ SELTZER

CHRISTINA ULBRICH, as an individual and as a
Representative of the classes,

        Plaintiff,
v.

GMAC MORTGAGE, LLC, formerly known as
GMAC MORTGAGE CORPORATION, and
BALBOA INSURANCE SERVICES, INC.

        Defendants.
_____/

**ORDER: (1) PRELIMINARILY APPROVING PROPOSED CLASS
ACTION SETTLEMENT, (2) APPROVING PROPOSED NOTICE OF SETTLEMENT
AND AUTHORIZING DISTRIBUTION OF NOTICE VIA FIRST CLASS MAIL, (3)
CONDITIONALLY CERTIFYING SETTLEMENT CLASS, (4) APPOINTING
PLAINTIFF'S COUNSEL AS COUNSEL TO THE SETTLEMENT CLASS, (5)
DESIGNATING PLAINTIFF AS CLASS REPRESENTATIVE,
AND (6) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS**

This matter came before the Court on Plaintiff's unopposed Motion for Preliminary Approval of Class Action Settlement with Defendant Balboa Insurance Services, Inc. ("BIS"). The Court has considered the Motion, the proposed Class Action Settlement Agreement ("Settlement Agreement" or "Settlement"), the Official Notice of Proposed Class Action Settlement and Fairness Hearing ("Settlement Notice"), the opt-out form to be included with the Settlement Notice, the other papers submitted in connection with the Motion, and all files, records, and proceedings in this Action. Finding good cause to approve the Motion, the Court now FINDS and ORDERS as follows:

    1.    All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

    2.    The Court preliminarily approves the Settlement Agreement and the terms set forth therein, subject to further consideration at the Final Approval Hearing after members of the Settlement Class have had an opportunity to opt-out of the Settlement or object to the Settlement.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies, solely for purpose of effectuating this Settlement, a Settlement Class defined as follows:

> All borrowers who had lender placed windstorm insurance issued for their property with effective coverage start dates between September 15, 2007 and December 31, 2011 by GMAC Mortgage, LLC with the involvement of Balboa Insurance Services, Countrywide Insurance Services, Seattle Specialty Insurance Services, and/or Newport Management Corporation.

4. The Court finds that the Settlement Class meets the criteria for certification under Federal Rule of Civil Procedure 23(a). The class exceeds 2,400 borrowers and is sufficiently numerous that joinder of all members is impracticable. There are questions of law and fact common to the class, including (1) the amount of commissions that BIS and the other Released Parties received on lender-placed windstorm policies for members of the Settlement Class; (2) whether those commissions were "unjust"; and (3) whether it was appropriate to procure lender-placed windstorm coverage for periods of time that pre-dated any notice to borrowers of a deficiency in their windstorm coverage. Plaintiff's claims are typical of the claims of the Settlement Class. Finally, Plaintiff and her counsel have fairly and adequately represented the interests of the Settlement Class, and will do so in connection with the Settlement Agreement.

5. The Court further finds that the Settlement Class meets the criteria for certification under Federal Rule of Civil Procedure 23(b)(3). The aforementioned common issues predominate over any individualized issues, and resolution of this action as a class action is superior to alternative methods of adjudicating the claims of the members of the Settlement Class.

6. The Court hereby appoints Plaintiff's counsel, Nichols Kaster PLLP, as Class Counsel, and Plaintiff Christina Ulbrich as Class Representative.

7. The Court finds on a preliminary basis that the terms of the Settlement Agreement (including the monetary provisions, the plan of allocation, and release of claims) are fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e); *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). The Court further finds that the Settlement Agreement is the result of arms-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the Settlement is non-collusive. The Court therefore grants preliminary approval of the Settlement Agreement.

2

8. The Court finds and concludes that the Settlement Notice and the procedure set forth in the Settlement Agreement for providing notice to the Settlement Class will provide the best notice practicable, satisfies the notice requirements of Rules 23(c)(2)(B) and 23(e), adequately advises Settlement Class members of their rights under the Settlement, and meets the requirements of due process. The Settlement Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this Action, and the relevant claims, defenses, and issues; (2) appropriate information about the definition of the Settlement Class, the identity of Class Counsel, and the Class Representative; (3) appropriate information regarding the terms of the Settlement, including the Settlement Fund, plan of allocation, and release; (4) appropriate information about Class Counsel's requested attorneys' fees and costs and expenses, and the Class Representative's requested reimbursement; (5) appropriate information informing Settlement Class members of their right to appear at the Final Approval Hearing and their right to be represented by their own counsel at the Final Approval Hearing; (6) appropriate information about how to object to the Settlement or submit a Settlement Opt-Out Form, and the date by which such objections or opt-outs must be submitted; (7) appropriate information concerning the binding effect of the Settlement in the event that judgment is entered approving the Settlement; and (8) appropriate instructions as to how to obtain additional information regarding this Action and the Settlement. The proposed plan for mailing the Settlement Notice and Settlement Opt-Out Form by first class mail to the Settlement Class members' last known addresses, after seeking updated addresses from the U.S. Postal Service, is an appropriate method, reasonably designed to reach all individuals who would be bound by the Settlement. Accordingly, the Court approves the Settlement Notice and Settlement Opt-Out Form, and the manner of distributing the Settlement Notice and Settlement Opt-Out Form to the Settlement Class.

9. Within ten (10) days of this Preliminary Approval Order, BIS shall provide Class Counsel with a mail merge file containing the most recent address information that BIS has on file, or that is otherwise available to BIS, for each Settlement Class Member.

10. Within seventeen (17) days after the entry of this Preliminary Approval Order, Class Counsel shall send the Settlement Notice and Settlement Opt-Out Form to each Settlement Class Member via first class mail. For purposes of this mailing, Class Counsel shall use the address information supplied by BIS, subject to appropriate updating based on the information in

the United States Post Office National Change of Address Database. Class Counsel shall maintain this information as private and confidential pursuant to the Protective Order entered in this case and shall not disclose such data to any persons or entities other than BIS's counsel, or to a Settlement Class member to the extent such information is needed to respond to any inquiry from a Settlement Class member.

11. Settlement Class members who wish to exclude themselves from the Settlement Class and opt-out of the Settlement must sign and submit a Settlement Opt-Out Form in the manner provided in the Settlement Agreement. The deadline for submitting a Settlement Opt-Out Form shall be forty-five (45) calendar days after the Settlement Notice Date (which shall be the date by which the Settlement Notice is to be mailed by Class Counsel pursuant to Paragraph 10 of this Preliminary Approval Order). Any member of the Settlement Class who requests exclusion from the Settlement Class and chooses to opt-out of the Settlement will not be entitled to any share of the Settlement Fund and will not be bound by the Settlement Agreement or have any right to object, appeal, or comment thereon. Settlement Class members who do not submit a valid and timely Settlement Opt-Out Form shall be bound by all terms of the Settlement Agreement.

12. Any Settlement Class member who does not opt-out but who wishes to object to the Settlement or otherwise be heard concerning the Settlement must submit a written objection specifying their name, address, loan number, grounds for objection, and name and identity of their counsel (if applicable), and indicate whether they wish to appear at the final approval hearing either personally or through counsel. Class Counsel shall provide BIS with copies of all such objections, and Class Counsel shall file such objections with the Court within seven (7) days of the Settlement Opt Out Deadline.

13. The Court will conduct a Final Approval Hearing on __May 10__, 2013, at __8:30__ (a.m.) [p.m.], to: (1) consider any timely-filed objections; (2) make a final determination whether the Settlement is fair, reasonable, and adequate and should be finally approved by the Court; and (3) determine the amount of attorneys' fees and costs and expenses to be awarded to Class Counsel, and the amount of reimbursement to be awarded to the named Class Representative from the Settlement Fund.

14. The Final Approval Motion, and any motion for attorneys' fees, costs and expenses, and class representative reimbursement, shall be filed no later than fourteen (14) days

4

prior to the date of the Final Approval Hearing.  In the Final Approval Motion, Class Counsel shall address any timely submitted objections to the Settlement.

15. Pending a final determination as to whether the Settlement should be approved, the Class Representative and all Settlement Class Members who do not Opt Out of the Settlement shall not institute or prosecute any claims or actions against the Released Parties which fall within the definition of the Released Claims in the Settlement Agreement, and shall not pursue any pending actions against the Released Parties asserting the Released Claims.

16. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and Plaintiff and BIS shall revert to their respective positions before entering into the Settlement Agreement.

**IT IS SO ORDERED**

Dated: January 15, 2013

Honorable Robert N. Scola, Jr.
United States District Court Judge

5