UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-CIV-62424-SCOLA/SELZER

CHRISTINA ULBRICH, as an individual and as a
representative of the classes,

        Plaintiff,

v.

GMAC MORTGAGE, LLC, formerly known as
GMAC MORTGAGE CORPORATION, and
BALBOA INSURANCE SERVICES, INC.,

        Defendants.
_____/

ORDER GRANTING MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT, GRANTING MOTION FOR ATTORNEYS' FEES,
COSTS AND CLASS REPRESENTATIVE COMPENSATION, AND JUDGMENT

        This matter came before the Court for a Final Approval Hearing on May 10, 2013, on Plaintiff's (1) Motion for Final Approval of Class Action Settlement; and (2) Motion for Attorneys' Fees, Costs, and Class Representative Compensation. Both of these motions were unopposed by Defendant Balboa Insurance Services ("BIS"), and no Settlement Class members objected to either motion. Having considered the motion papers, the proposed Settlement Agreement which the Court preliminarily approved on January 15, 2013, the arguments of counsel, the response of the Settlement Class to the Settlement Notice, and all proceedings in this action, and otherwise being fully informed in the premises as to the facts and the law,

        **IT IS HEREBY ORDERED AND ADJUDGED THAT**:

        1.    All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court (ECF No. 98-2).

        2.    The Court approves the Settlement Agreement and the terms set forth therein.

        3.    The Court finds that the notice of the pendency of this Action as a class action, and of the proposed Settlement, was given to all Settlement Class members by the best means practicable under the circumstances, including mailing the Settlement Notice to Settlement Class members by U.S. mail and publishing the Settlement Notice, Settlement Agreement, and other

relevant documents on Class Counsel's website.  The Settlement Notice (1) provided an overview of the nature of the action and the status of the litigation; (2) described Plaintiff's claims; (3) defined the Settlement Class certified by the Court, (4) summarized the terms of the Settlement, (5) set forth the language of the release, (6) discussed the compensation that Class Counsel and the Class Representative would be seeking, (7) expressly stated that Settlement Class members had until March 18, 2013 to opt-out or object to the Settlement, and explained how to opt-out or object, (8) notified Settlement Class members of their right to appear at the Final Approval Hearing, and explained the procedure for appearing at the Final Approval Hearing in-person or through an attorney; and (9) advised Class members of the binding effect of a class judgment on participating Settlement Class members if the Settlement was approved. The form and method of notifying the Settlement Class fully, fairly, accurately, and adequately advised Settlement Class members of all relevant and material information concerning the Action and the terms of the proposed Settlement, and fully satisfied the requirements of due process and Rule 23.

4. The Settlement was negotiated at arm's length, in good faith, by highly capable and experienced counsel, with full knowledge of the facts, law, and risks inherent in litigating the Action, and with the active involvement of the Parties.

5. The Settlement confers substantial benefits upon the Settlement Class members, is in the public interest, and will provide the Parties with repose from litigation.

6. The Settlement is fair, reasonable, and adequate, in the best interests of the Settlement Class, and satisfies the requirements for final approval under Rule 23(e).  Specifically the Court finds that final approval of the Settlement is warranted in light of the following factors:

    a. The benefits associated with the Settlement;
    b. The risk, expense, complexity, and likely duration of litigation;
    c. The reaction of the Settlement Class members to the Settlement;
    d. The extent of discovery completed and stage of the proceedings; and
    e. The testimony of Class Counsel and the Class Representative.

7. The persons who have validly requested exclusion from the Settlement Class are not members of the Settlement Class, shall have no rights or interests with respect to the Settlement, and shall not be bound by any orders or judgments entered in respect to the

Settlement. A list of those persons who have validly requested exclusion from the Settlement Class was previously filed with the Court on March 22, 2013 (ECF No. 100-1).

8. The Court has considered Class Counsel's request for an award of $216,666.67 in attorneys' fees. Having reviewed Class Counsel's fee application and all applicable legal authorities, the Court hereby approves the requested award of attorneys' fees in the amount of $216,666.67, and finds that the requested amount of fees is reasonable and appropriate. The Court initially had some concerns regarding the time billed by non-attorneys, however, at the May 10, 2013 hearing, Class Counsel clarified that nearly all of the time billed by non-attorneys was for work traditionally performed by an attorney (as opposed to administrative work that is usually deemed subsumed into an attorney's market rate). Even if the Court were to reduce all of the non-attorney time billed ($42,955.00) from Class Counsel's fees, the total itemized fees would still come out to $304,944.50. This amount is more than the $216,666.67 that Class Counsel is actually requesting. The analysis comes out the same if the Court were to further reduce even the attorney-time spent working on the bankruptcy file ($21,142.00) from Class Counsel's fees. With this reduction, the total fees would still be higher than the requested $216,666.67. The Court finds that time spent on the bankruptcy case involving GMAC is compensable even though GMAC is not a party to this settlement because the claims against GMAC and Balboa are so inexorably intertwined.

9. The Court also has considered Class Counsel's request for costs in the amount of $25,468.70, and finds the requested costs to be reasonable and appropriate. Accordingly, the Court hereby approves the requested costs in the amount of $25,468.70.

10. The Court has considered Plaintiff's request for Class Representative Compensation in the amount of $10,000. The Court finds this award to be justified under the facts of this case and the applicable legal authorities. Accordingly, the Court hereby approves the award of $10,000 to Ms. Ulbrich.

11. After Judgment becomes final, and within ten (10) days of the Settlement Effective Date, BIS shall make the payment prescribed by Paragraph 4.1 of the Settlement Agreement into a segregated Settlement Account established by Class Counsel.

12. Within fourteen (14) days of the Settlement Effective Date, Class Counsel shall distribute the funds in the Settlement Agreement in the manner prescribed by Paragraphs 4.2 through 4.4 of the Settlement Agreement.

13. As provided in the Settlement Agreement, all Settlement Class Members who did not properly and timely submit an opt-out form requesting exclusion are hereby permanently barred and enjoined from asserting, instituting, or prosecuting, either directly or indirectly, the Released Claims against the Released Parties.

14. Notwithstanding the entry of Judgment, this Court shall retain exclusive and continuing jurisdiction and exclusive venue with respect to the implementation, enforcement, construction, interpretation, performance, and administration of the Settlement.

15. If the Judgment of this Court does not become final, this Final Approval Order shall be rendered null and void, and shall be vacated nunc pro tunc. Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement, including seeking approval of the settlement and class certification: (1) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim of the Class Representative or any Settlement Class Member, or (2) is or may be deemed to be or may be used as an admission of, or evidence of, any wrongdoing, fault, omission, or liability of Defendants or the Released Parties, or any of them, in any proceeding in any court, administrative agency or other tribunal, except that the Released Parties may file the Judgment in any action that may be brought against any of them in order to support a defense based on principles of res judicata, collateral estoppel, release, settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. Nothing in this paragraph shall preclude any party to the Settlement Agreement from using the Agreement, the Judgment, or any act performed or document executed pursuant to the Settlement Agreement in a proceeding to consummate, monitor, or enforce the Settlement Agreement, the terms of the Settlement, or the Judgment.

16. This Action is hereby **DISMISSED** with prejudice and, except as provided herein, without costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

**DONE and ORDERED** in chambers, at Miami, Florida, on May 10, 2013.

ROBERT N. SCOLA, JR.
**UNITED STATES DISTRICT JUDGE**